IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA ORTA ACOSTA,

    Plaintiff,

v.                                                      No. 22-cv-0048 KG/SCY

ALEJANDRO MAYORKAS, SECRETARY,
U.S. Department of Homeland Security,
TAE D. JOHNSON, ACTING DIRECTOR,
U.S. Immigration and Customs Enforcement,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Cynthia Orta Acosta's Motion for a Writ of Mandamus, filed January 24, 2022. (Doc. 1). The Court twice scheduled hearings on the Motion, first for April 21, 2022, (Doc. 7), and next on May 5, 2022, (Doc. 12). Ms. Orta Acosta has twice requested continuances due to conflicts. (Docs. 10, 13). In the interest of expediency, and finding no need for further argument, the Court denies the Motion and dismisses this case without prejudice for lack of jurisdiction under Rule 12(b)(1).

I.   *Background*

Ms. Orta Acosta's Motion requests this Court to order Immigration and Customs Enforcement ("ICE") to file Plaintiff's Notice to Appear and begin her removal proceedings. (Doc. 1). The Court *sua sponte* entered an Order to Show Cause on January 31, 2022, asking to know "why this Court has jurisdiction to enter such an order against ICE and how the Administrative Procedures Act may confer jurisdiction." (Doc. 3). Ms. Orta Acosta filed a comprehensive Response to that Order on February 14, 2022. (Doc. 4). That Response expands upon, but does not change, Ms. Orta Acosta's original contention that this Court has federal

1

question jurisdiction via the Administrative Procedures Act (APA) and the Mandamus Act. (Doc. 4) at 3–4.

The Court here notes that after Ms. Orta Acosta's Response to the Order to Show Cause, the Government entered its appearance and filed a Motion to Dismiss for Lack of Jurisdiction. (Doc. 9). The Government's Motion covers substantively much of the same ground as the Court covers today. The Court finds sufficient reason to deny Ms. Orta Acosta's Motion and dismiss the case for lack of jurisdiction *sua sponte*, but finding the Government's Motion relevant and well-taken, the Court grants it.

## II. Analysis

Ms. Orta Acosta theorizes that filing the Notice to Appear is mandatory based on the APA. (Doc. 4) at 5–6. She argues that Section 555(b) of the APA imposes a "reasonable time" requirement on administrative action and that Section 706 provides that a reviewing court shall compel agency action "unlawfully withheld or unreasonably delayed." *Id.* at 6. Ms. Orta Acosta cites four cases where federal courts have issued mandamus against immigration agencies for delayed administrative action. *Id.* at 10–11 (citing *Asmai v. Johnson*, 182 F. Supp. 3d 1086, 1096 (E.D. Cal. 2016); *Hosseini v. Napolitano*, 12 F. Supp. 3d 1027, 1035 (E.D. Ky. 2014); *Geneme v. Holder*, 935 F. Supp. 2d 184, 194 (D.D.C. 2013); *Kashkool v. Chertoff*, 553 F. Supp. 2d 1131, 1145 (D. Ariz. 2008)).

This Court notes, however, that each of those four cases are about requiring the U.S. Citizenship and Immigration Service to take required timely action on pending applications for adjustment of status, and not about ordering DHS to file notices to appear in a removal proceeding. So, despite Ms. Orta Acosta's comprehensive briefing, she does not persuade this

2

Court that DHS is required to take any prosecutorial action nor that this Court has jurisdiction to order any such action.

The Court concludes that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, rather than the APA, controls here, and that 8 U.S.C. § 1252(g) is dispositive to the case. Section 1252(g) reads, in part: "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [The Immigration and Nationality Act]."

Courts routinely interpret that clause to mean that courts cannot interfere with DHS prosecution decisions. *E.g.*, *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 485 n.9 (1999) ("Section 1252(g) was directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion."); *Veloz-Luvevano v. Lynch*, 799 F.3d 1308, 1315 (10th Cir. 2015) (holding federal courts "lack jurisdiction" over the executive's "prosecutorial discretion decisions" related to removal proceedings.); *Rauda-Castillo v. Lynch*, 616 Fed. Appx. 385, 388 (10th Cir. 2015) ("DHS has sole authority to exercise prosecutorial discretion in immigration cases and we lack jurisdiction over those decisions."); *Aguilar-Alvarez v. Holder*, 528 Fed. Appx. 862, 870-71 (10th Cir. 2013) ("The thrust of [the petitioner's] claims is that the DHS acted outside of its statutorily bestowed discretion; such claims occupy an area that is off-limits to our review.").

To address Ms. Orta Acosta's theory directly, the Mandamus Act does not apply because § 1252(g) explicitly precludes it. *See* 8 U.S.C. § 1252(g) (stripping jurisdiction "notwithstanding any other provision of law, including… section 1361," the Mandamus statute.)

The APA is also an unavailing route because it requires, as a threshold issue, that any action a Court mandates be a non-discretionary action. 5 U.S.C. § 701(a). Here, there is a great deal of authority stating that DHS lawyers enjoy prosecutorial discretion in bringing removal cases. *E.g.*, *Arizona v. United States*, 567 U.S. 387, 396 (2012) ("A principal feature of the removal system is the broad discretion exercised by immigration officials. Federal officials, as an initial matter, must decide whether it makes sense to pursue removal at all."); *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1478, (2021) ("For more than a century, Congress has afforded the Attorney General (or other executive officials) discretion to allow otherwise removable aliens to remain in the country."). Thus, this Court could not mandate DHS prosecutorial action based on the APA.

In conclusion, § 1252(g) bars jurisdiction and thus this Court denies the motion for Mandamus and dismisses this case without prejudice pursuant to Rule 12(b)(1). In this way, the Court also grants the Government's Motion to Dismiss. (Doc. 9). The Court will enter final judgment separately.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE